McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00034-DAD-BAM |
| Plaintiff, | |
| v. | STIPULATION AND ORDER BETWEEN THE UNITED STATES AND DEFENDANTS FOR A PROTECTIVE ORDER |
| ARMANDO MARTINEZ-TORRES and HERMINIA HERRERA-ORTIZ, | |
| Defendants. | |

WHEREAS, the discovery in this case involves images of a confidential informant and his/her vehicle whose work may be compromised if his/her identity were publicly disclosed, as well as personally identifiable information (PII) including Social Security numbers and Alien Registration Receipt Card Numbers ("A-numbers") of real individuals, (the "Protected Information"); and

WHEREAS, the parties desire to avoid the unauthorized disclosure of dissemination of Protected Information to anyone not a party to the court proceedings in this matter;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, Armando Martinez-Torres and Herminia Herrera-Ortiz (hereinafter "defendants"), by and through their counsel of record (hereinafter "defense counsel"), and the United States of America, by and through its counsel of record, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and its general supervisory authority.

1

2. This Order pertains to all discovery provided to or made available to defense counsel as part of the discovery in this case (hereinafter, collectively known as the "discovery"). This Order also relates to any verbal communications between the government and defense counsel about the confidential informant.

3. By signing this Stipulation and Protective Order, defense counsel agrees not to share any documents or other information, verbal or written, that contain Protected Information with anyone other than defense counsel and designated defense investigators and support staff. Defense counsel may permit defendants to review un-redacted documents in the presence of defense counsel or under the supervision of defense counsel. The parties agree that defense counsel, defense investigators, and support staff shall not allow defendants to copy Protected Information contained in the discovery. The parties agree that defense counsel, defense investigators, and support staff may provide defendants with copies of documents from which Protected Information has been redacted.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose.

5. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, defense counsel shall return Protected Information to the government, or certify in writing that the Protected Information has been destroyed, or, if defense counsel seeks to maintain Protected Information in the defense team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Information is used as defense exhibits, it shall be maintained with government exhibits so long as those are required to be maintained.

6. If, upon final disposition of the case, defendants request a copy of Protected Information from defense counsel, defense counsel may provide a copy of Protected Information to defendants provided that defense counsel ensures that all PII contained in Protected Information is fully redacted. If defense counsel provides a redacted copy to defendants subject to the above conditions, defense counsel or a member of the defense team must contemporaneously attest in writing that it has fully redacted PII from the Protected Information and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

7. Defense counsel will store the discovery in a secure place and will use reasonable care to

ensure that it is not disclosed to third persons in violation of this agreement.

8. Defense counsel shall be responsible for advising defendants, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

9. In the event that a defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

IT IS SO STIPULATED.

DATED: March 16, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Laura D. Withers*
LAURA D. WITHERS
Assistant U.S. Attorney

DATED: March 16, 2020

By: /s/ *Nicholas Reyes*
NICHOLAS REYES
Attorney for Armando Martinez-Torres

DATED: February 28, 2020

By: /s/ *Virna Santos*
VIRNA SANTOS
Attorney for Herminia Herrera-Ortiz

**ORDER**

IT IS SO ORDERED.

Dated: **March 16, 2020**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE